UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DRAKE ENTERPRISES, INC., STRONGSEAL RECYCLED RUBBERIZED PRODUCTS, LLC, STRONGSEAL MANUFACTURING, LLC, and ROOF TREADS, LLC, | ) ) ) ) ) ) | 08 C 6753 |
| Plaintiffs, | ) ) | Judge George M. Marovich |
| v. | ) ) | |
| COLLOID ENVIRONMENTAL TECHNOLOGIES COMPANY, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Colloid Environmental Technologies Company ("CETCO") removed to this Court the complaint plaintiffs Drake Enterprises, Inc. ("Drake"), Strongseal Recycled Rubberized Products, LLC ("Strongseal Products"), Strongseal Manufacturing, LLC ("Strongseal Manufacturing") and Roof Treads, LLC ("Roof Treads") filed in the Circuit Court of Cook County. Before the Court is defendant CETCO's motion to dismiss Counts I, II and III of plaintiffs' complaint.

**I.       Background**

For purposes of this motion to dismiss, the Court takes as true the allegations in plaintiffs' complaint, as well as the documents attached thereto and referenced therein. *See Equal Employment Opportunity Comm'n v. Concentra Health Services, Inc.*, 496 F.3d 773, 778 (7th Cir. 2007) (a document attached to a motion to dismiss is considered part of the pleadings

where the document is referred to in the complaint and is central to the plaintiff's claim); Fed.R.Civ.P. 10(c).

In this case, plaintiffs claim that CETCO failed to pay adequate royalties for use of a patent for a product that is useful for making roofing materials. Plaintiff Drake is the exclusive licensee of the patent, and Drake sublicensed its rights to plaintiffs Strongseal Products, Strongseal Manufacturing and Roof Treads, who are the exclusive sub-licensees. In or about August of 2003, plaintiffs Strongseal Products, Strongseal Manufacturing and Roof Treads entered into an Asset Purchase Agreement with defendant CETCO. As part of the transaction, Drake was asked to sign a consent to the Asset Purchase Agreement's assignment of the sublicenses to CETCO.

Based on those agreements, plaintiffs filed claims against defendant for breach of contract and for an accounting. Defendant moves to dismiss three of the four claims. For the reasons set forth below, the Court grants in part and denies in part defendant's motion to dismiss.

## II. **Standard on a motion to dismiss**

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiffs' favor. *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003). Under the notice-pleading requirements of the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not provide detailed

factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atlantic*, 127 S.Ct. at 1964-1965. A complaint must include enough factual allegations to "raise a right to relief above a speculative level." *Bell Atlantic*, 127 S.Ct. at 1965. "After *Bell Atlantic*, it is no longer sufficient for a complaint 'to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting *Equal Employment Opportunity Comm'n v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)).

### III. Discussion

#### A. Plaintiff Drake's breach of contract claim

In Count II, plaintiff Drake asserts that defendant CETCO breached a contract by failing to pay Drake license fees. Drake asserts that CETCO owes it license fees pursuant to a document Drake signed, in which document Drake consented to the Asset Purchase Agreement between CETCO and the other plaintiffs. CETCO moves to dismiss. CETCO argues that Drake cannot state a claim for breach of contract because CETCO did not sign the consent document Drake signed.

It is true that CETCO did not sign Drake's consent to the Asset Purchase Agreement. That consent says, "Drake agrees that CETCO shall pay to Drake a license fee equal to four percent (4%) of CETCO's net sales of the Products in the United States, as opposed to the six percent (6%) license fee" required by the sublicense agreement. What CETCO is alleged to have signed, however, is the Asset Purchase Agreement. In the Asset Purchase Agreement, CETCO appears to have purchased the sublicenses between Drake and the other plaintiffs (*see* Asset

Purchase Agreement Section 1.1.3 and Schedule 1.1.3) and to have agreed to assume the liabilities under those sublicenses (*see* Asset Purchase Agreement Section 3.1.1 and Schedule 1.1.3). Finally, it appears that CETCO conditioned its obligations under the Asset Purchase Agreement on Drake's signing a consent to the assignment of the sublicenses (*see* Asset Purchase Agreement Section 8.1.4 and Schedule 5.2). Accordingly, the Court concludes that Drake has stated a claim for breach of contract.

For these reasons, the Court denies defendant's motion to dismiss Count II.

**B.     Plaintiffs' claims for accounting**

In Counts I and III, plaintiffs assert claims for an accounting. In Count I, Drake seeks an accounting of CETCO's sales, and in Count III, Strongseal Products, Strongseal Manufacturing and Roof Treads seek an accounting of CETCO's sales. Defendant moves to dismiss these claims on the grounds that plaintiffs cannot state a claim for accounting when they have an adequate legal remedy, namely their breach of contract claims.

In their complaint, plaintiffs allege that CETCO agreed to pay royalties but has failed to pay in full. Plaintiffs allege that they have "no adequate remedy at law" and that they lack "access or ability to access the books, records, and accounts of CETCO."

An equitable accounting is "an adjustment of the accounts of the parties and a rendering of the balance ascertained to be due." *Blythe Holdings, Inc. v. Flawless Financial Corp.*, Case No. 06 C 5262, 2009 WL 103196, at *14 (N.D. Ill. Jan. 15, 2009). To state a claim for accounting under Illinois law, a plaintiff must show "the absence of an adequate remedy at law and one of the following: (1) a breach of fiduciary relationship between the parties; (2) a need for discovery; (3) fraud; or (4) the existence of mutual accounts which are of a complex nature."

*Cole-Haddon, Ltd v. The Drew Philips Corp.*, 454 F. Supp.2d 772, 778 (N.D. Ill. 2006). "Although an accounting cause of action was traditionally utilized as a means of obtaining access to relevant records, the need for a party to pursue an accounting cause of action in order to obtain such access has been greatly minimized in light of the modern federal discovery rules." *Didion Milling, Inc. v. Agro Distribution, LLC*, Case No. 05-C-227, 2007 WL 702808, at *11 (E.D. Wis. March 2, 2007).

Courts have dismissed claims for accounting where plaintiffs have plead a claim for breach of contract, which generally provides an adequate legal remedy. *See 3Com Corp. v. Electronic Recovery Specialists, Inc.*, 104 F. Supp.2d 932, 941 (N.D. Ill. 2000) ("[P]laintiff has alleged breach of contract in count I and therefore is seeking a legal remedy in this lawsuit. Courts have dismissed accounting claims where breach of contract has also been alleged."); *see also Cole-Haddon*, 454 F. Supp.2d at 778; *Humana Health Plan, Inc. v. Heritage Ind. Med. Group, P.C.*, Case NO. 99 C 6276, 2001 WL 8878, at *2 (N.D. Ill. Jan. 3, 2001); *Midwest Neoped Assoc. Ltd. v. Allmed Financial Corp.*, Case No. 98 C 6973, 1999 WL 674747, at *2 (N.D. Ill. Aug. 23, 1999) ("The Complaint is conspicuously devoid of any specific allegation that Plaintiff is without an adequate remedy at law. Indeed, such an allegation would fly in the face of the breach of contract claim. This is a run-of-the-mill breach of contract claim with complicated damages calculations. All of the accounting information pertinent to this claim will be revealed through discovery. The accounting claim gives Plaintiff nothing it does not have in Count I and is superfluous. The very existence of Count I sounds the death knell of Count II.")

Here, the plaintiffs allege that they have no adequate remedy at law and that they need access to defendant's records. As the Seventh Circuit has said, "[l]egal remedies should not be

characterized as inadequate merely because the measure of damages may necessitate a look into the plaintiff's business records." *Zell v. Jacoby-Bender, Inc.*, 542 F.2d 34, 36 (7th Cir. 1976). It seems to this Court that it cannot be enough, especially after *Bell Atlantic v. Twombly*, for the plaintiff merely to include the words "no adequate remedy of law" in a complaint in order to survive a motion to dismiss an accounting claim in the face of a breach of contract claim. It seems to this Court that to survive a motion to dismiss a claim for accounting in the face of a claim for breach of contract, plaintiffs must allege (and not just bare elements but enough to bring a right to relief above a speculative level) that the accounts are so complicated that only a court of equity, and not a jury, can unravel them. *See Kempner Mobile Electronics, Inc. v. Southwestern Bell Mobile Sys.*, 428 F.3d 706, 715 (7th Cir. 2005) (concluding that the district court did not abuse its discretion in declining to allow an accounting in the face of a "garden-variety contract dispute" where "there [was] no showing that the 'accounts between the parties' are of such a 'complicated nature' that only a court of equity can satisfactorily unravel them."); *Williams Electronics Games, Inc. v. Garrity*, 366 F.3d 569, 577 (7th Cir. 2004) ("in a suit for breach of contract, the court can order an equitable accounting if the computation of damages involves complexities that would baffle a jury."). Finding no such allegations here, the Court grants defendant's motion to dismiss Counts I and III of plaintiffs' complaint. Counts I and III are dismissed without prejudice.

## IV.    Conclusion

For the reasons set out above, the Court grants in part and denies in part defendant's motion to dismiss. The Court dismisses without prejudice Counts I and III.

        ENTER:

        */s/ George M. Marovich*
        George M. Marovich
        United States District Judge

DATED:   June 24, 2009